

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| SEBASTIAN ZULUETAS GOMEZ, PRO SE, § <br> TDCJ-CID No. 698790, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> WILLIAM B. CLEMENTS UNIT, § <br> MEDICAL DEPARTMENT, § <br> SECURITY FOOD SERVICE, § <br> UNIDENTIFIED TAILMAN, § <br> UNIDENTIFIED FOSTER, § <br> UNIDENTIFIED CANE, § <br> Dr. UNIDENTIFIED PARKER, § <br> UNIDENTIFIED BAIN, § <br> DIRECTOR GARY JOHNSON, § <br> NURSE NFN MARSHALL, § <br> Dr. NFN FIELDS, § <br> MEDICAL DEPARTMENT OF § <br>     TEXAS TECH UNIVERSITY, and § <br> TDCJ-PAMIO § <br> § <br> Defendants. § | CIVIL ACTION CAUSE NO. <br> 2:07-CV-0256 <br><br> CONSOLIDATED WITH <br> CIVIL ACTION CAUSE NO. <br> 2:08-CV-0053 |

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

Cause number 2:07-CV-0256 was originally filed in the United States District Court for the Eastern District of Texas, Lufkin Division, and was received by transfer to the United States District Court for the Northern District of Texas, Amarillo Division, on November 27, 2007. By Order issued September 25, 2008, cause number 2:07-CV-0256 was consolidated with cause number 2:08-CV-0053.

Plaintiff SEBASTIAN ZULUETAS GOMEZ, acting pro se and while a prisoner in the custody of the Texas Department of Criminal Justice, Correctional Institutions Division, filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-named defendants and has been granted permission to proceed in accordance with Title 28, United States Code, section 1915.

By his original complaints in both cause no. 2:08-CV-0053 and cause no. 2:07-CV-0256[1], plaintiff complains that, on March 25, 1998, he received a flu shot which caused him to be infected with "kitchen [sic] pox," resulting in pustules and sores all over his head which became infected. Plaintiff claims that, when he went to medical personnel for treatment of his sores, he was overcharged and was administered a very painful treatment which involved freezing and cutting off the pustules. Further, plaintiff complains that, in January of 2001, while in the PAMIO program, he was poisoned when one or more officers repeatedly adulterated his food tray.

Plaintiff requests an award of monetary damages.

### JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[2], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is

---

[1] In cause no. 2:07-CV-0256, plaintiff refers the Court to the grievances attached to his complaint for an indication of his claims.

[2] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[3].

The District Judge has reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff to determine if his claim presents grounds for dismissal or should proceed to answer by defendants.

**THE LAW AND ANALYSIS**

On November 25, 2008, the Magistrate Judge issued a Report and Recommendation that the instant cause be dismissed for failure to provide all the information requested by the September 25, 2008 Briefing Order and failure to comply with the October 15, 2008 Second Briefing Order. Plaintiff responded on December 15, 2008 with a pleading that appears to argue his present pleadings are sufficient to comply with the requirement of Federal Rule of Civil Procedure 8 that his complaint contain a short and plain statement of his claim sufficient to give the defendants notice of his claims against them.

Plaintiff also states "the Court has duly severe order asking me when was the last time I was in "PAMIO" at BC unit . . .." Plaintiff alleges the last time he was in PAMIO at the Clements Unit was about May through June of 2003, after which he was discharged from PAMIO and transferred to the Connally Unit. It appears plaintiff has finally complied with the

---

[3]*Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

3

September 25, 2008 and October 15, 2008 Briefing Orders by which the Court attempted to elicit the date or approximate date on which he was discharged from the PAMIO program and transferred from the Clements Unit after his 2003 admission.

Plaintiff signed, and presumably mailed, his original complaint on October 1, 2007. There is no federal statute of limitations for civil rights actions; therefore, the two-year Texas general personal injury limitations period is applied. *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993).

The date of the latest incident alleged to have occurred at the Clements Unit is May through June of 2003. Limitations has expired, and the claims plaintiff is attempting to assert in this consolidated case have expired with it. Consequently, plaintiff's claim lacks an arguable basis in law and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

The Court further notes that, although plaintiff listed the Eastham Unit as a defendant in the style of his original complaint in cause no. 2:07-CV-0256, he did not list it as a defendant or refer to any claim against an Eastham employee when listing the parties to the suit and giving a brief description of their act s or omissions in response to Question no. IV(B) of the Complaint form. The Court further notes that plaintiff filed a November 1, 2007 pleading entitled "Motion" which appears to be a motion for service, certification of a class, and a request for settlement and references claims against Eastham Unit officers and inmates with respect to alleged sexual assaults in December of 2005 and July 10, 2007. The Court notes these claims were addressed by the United States District Court for the Eastern District of Texas, Tyler Division, in Cause no.

9:07-CV-0208. Further, plaintiff failed to include these claims in either his original complaint or in any amended complaint.

To the extent plaintiff is attempting to include his Eastham Unit claims in the instant suit, such claims are duplicative and, therefore, malicious.

## CONCLUSION

IT IS THEREFORE ORDERED that this Civil Rights Complaint is DISMISSED WITH PREJUDICE AS FRIVOLOUS AND MALICIOUS.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Any pending motions are DENIED.

The Clerk shall send a copy of this order to plaintiff and to any attorney of record. The Clerk shall also mail copies of this order to TDCJ-Office of the General Counsel, P.O. Box 13084, Austin, TX 78711; and to the Pro Se Clerk at the U.S. District Court for the Eastern District of Texas, Tyler Division.

IT IS SO ORDERED.

ENTERED this 17th day of December, 2008.

/s/ Mary Lou Robinson
MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE